**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **K.L., an individual,** | : | |
| **Plaintiff** | : | **No. 1:24-cv-02139** |
| | : | |
| **v.** | : | **(Judge Kane)** |
| | : | |
| **AMERICA'S BEST VALUE INN,** | : | |
| **RODEWAY INN, RODEWAY INNS** | : | |
| **INTERNATIONAL, INC., CHOICE** | : | |
| **HOTELS INTERNATIONAL, INC., and** | : | |
| **SONESTA INTERNATIONAL HOTELS** | : | |
| **CORP.,** | : | |
| **Defendants** | : | |

**ORDER**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS**:

On December 12, 2024, Plaintiff K.L. ("Plaintiff") filed a complaint (Doc. No. 1) against

Defendants America's Best Value Inn, Rodeway Inn, Rodeway Inns International, Inc., Choice

Hotels International, Inc., and Sonesta International Hotels Corp. ("Defendants"), alleging the

following two claims: (1) violation of the Trafficking Victims Protection Reauthorization Act of

2008 ("TVPRA"), 18 U.S.C. § 1595, against Defendants America's Best Value Inn, Rodeway

Inn, and Rodeway Inns International, Inc., and (2) vicarious liability against Defendants

Rodeway Inns International, Inc., Choice Hotels International, Inc., and Sonesta International

Hotels Corporation.  On the same date, the Clerk of Court issued summonses as to all

Defendants.  (Doc. No. 2.)  On January 10, 2024, Plaintiff returned a waiver of service as to

Defendant Choice Hotels International, Inc.  (Doc. No. 4.)  Almost a month later, on February 7,

2025, prior to the filing of an answer by any Defendant, Plaintiff filed a "Notice of Voluntary

Dismissal without Prejudice Pursuant to F.R.C.P. 41(a)(1)(A)(i)" (Doc. No. 5), stating that "this

action is voluntarily dismissed without prejudice" because "[s]ubsequent to filing this action,

Plaintiff K.L. learned that certain parties were improperly named, certain parties were

improperly included, and a necessary party had not been included in this action" (id. at 1).  That notice stated Plaintiff's intent "to refile this action in sixty (60) days to include all necessary parties."  (Id.)  In accordance with Plaintiff's notice of voluntary dismissal, this action was terminated without prejudice on February 7, 2025.

On April 7, 2025, Plaintiff filed on the docket of this closed case an "Amended Complaint" asserting claims against an entirely new set of Defendants—Madhu Lila LLC t/a Travelodge of Carlisle, Rodeway Inn – Carlisle, d/b/a Shree Sai Siddhi, LLC, Vidhisa, Inc. d/b/a Rodeway Inn, and Cloverleaf Motel, Inc.  (Doc. No. 6.)  One week later, Plaintiff filed a "Motion to Re-open Docket" (Doc. No. 7) with an attached order (Doc. No. 7-1) but no supporting brief.  In the motion, Plaintiff states "[i]n the interest of judicial economy, and in accordance with the Notice previously filed, the Plaintiff hereby requests that the docket be re-opened and [s]ummons[es] issued/re-issued as to the Defendants."  (Doc. No. 7 at 2.)  Plaintiff cites no authority in support of the motion.

The Court does not have the power to grant Plaintiff's motion and reopen the docket in this case because district courts do not retain jurisdiction over a case after the filing of a notice of voluntary dismissal.  Pursuant to Federal Rule of Civil Procedure 41(a)(1), a plaintiff may dismiss her case "without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action."  See Fed. R. Civ. P. 41(a)(1).  Because no answer was filed prior to Plaintiff's filing of a notice of voluntary dismissal, that notice complied with Rule 41(a)(1)(i).  As the Third Circuit Court of Appeals has held, "[a] proper [Rule 41] notice deprives the district court of jurisdiction to decide the merits of the case."  See In re Bath and Kitchen Fixtures Antitrust Litig., 535 F.3d

2

161, 166 (3d Cir. 2008); 9 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure: Civ.4th § 2367 at 661–64 (4th ed. 2020) (stating that "[a]fter the dismissal, the action no longer is pending, and generally no further proceedings in the action are proper").  Pursuant to prevailing authority, the Court must deny Plaintiff's motion to re-open docket.

   **AND SO**, on this 19th day of May 2025, upon consideration of Plaintiff's "Motion to Re-Open Docket" (Doc. No. 7), and in accordance with the foregoing, **IT IS ORDERED THAT** Plaintiff's "Motion to Re-open Docket" (Doc. No. 7) is **DENIED**.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania

3